B104 (FORM 104) (08/07)  EDVA

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Jason T. White | **DEFENDANTS**<br>Bank of America, N.A.<br>PRLAP, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Mitchell Goldstein, Goldstein Law Group, Inc., 9962 Brook Road, #647, Glen Allen, VA 23059, 804-592-1674 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Strip an unsecured lien under 11 U.S.C. 506

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Jason T. White || BANKRUPTCY CASE NO.<br>3:11-bk-30041-DOT |||
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Virginia || DIVISION OFFICE<br>Richmond || NAME OF JUDGE<br>D.O. Tice |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Mitchell P. Goldstein, Esq. |||||
| DATE<br>March 31, 2011 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Mitchell P. Goldstein, Esq. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In Re:  Jason T. White,                              Case No.    3:11-bk-30041-DOT
                Debtor.                              Chapter     13

Jason T. White,
        Plaintiff.
        v.                                           APN:        3:11-AP-_____-DOT

Bank of America, N.A.
PRLAP, Inc.,
        Defendants.

**COMPLAINT OF THE DEBTOR PURSUANT TO 11 U.S.C. SECTION 506(a)
AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF
SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM**

**COMES NOW** your Plaintiff, by counsel, and for his complaint respectfully represents as follows:

1.  This is an action brought by the Plaintiff pursuant to 11 U.S.C. § 506(a) and F.R.Bankr.P. 3012 to determine the value of the interest of the Defendants in the residential real estate of the debtor and determine the amount of the allowed secured claim of the Defendants.

**JURISDICTION, VENUE AND CORE PROCEEDING**

2.  The Plaintiff alleges that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  The Plaintiff further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2).

4.  The Plaintiff further alleges that venue is properly laid in this district pursuant to 28 U.S.C. §1391 (b) and (c).

---

Mitchell P. Goldstein, Esq., VSB 40613
mitch@mitchellpgoldstein.com
Goldstein Law Group
9962 Brook Road, #647
Glen Allen, VA  23059
(804) 592-1674

- 1 -

## PARTIES

5. Plaintiff Jason T. White (hereinafter "Plaintiff") is a Debtor-in-Bankruptcy pursuant to 11 U.S.C. §101(13).

6. Upon information and belief, defendant Bank of America (BofA) is the alleged current owner of a note and second deed of trust on the plaintiffs' property and is a creditor, pursuant to 11 U.S.C. §101(10)(A).

7. Upon information and belief, defendant BofA is a National Bank that may be served at the office of its President Bryan T. Moynihan, 100 North Tryon Street, Charlotte, NC 28255.

8. Upon information and belief, defendant PRLAP, Inc. is the Trustee under a recorded Deed of Trust for defendant BofA.

9. Upon information and belief, defendant, PRLAP, Inc. is a Virginia Corporation, registered with the State Corporation Commission, with a Registered Agent, and may be served at CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, VA 23060.

## FACTS

10. Plaintiff Jason T. White commenced this case by filing, on January 8, 2010, a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

11. The Plaintiff owns real estate situated in Chesterfield County, Virginia known as 809 Vickilee Court by way of Deed recorded in the Circuit Court of Chesterfield County, Virginia in Book 5670 at Page 215. The legal description of that property is as follows:

Mitchell P. Goldstein, Esq., VSB 40613
mitch@mitchellpgoldstein.com
Goldstein Law Group
9962 Brook Road, #647
Glen Allen, VA  23059
(804) 592-1674

- 2 -

> ALL that certain lot, piece or parcel of land, lying and being in Chesterfield County, Virginia, designated as Lot 5, Block G, Section 4, Heatheridge Subdivision, as shown on a plat dated March 7, 1985, recorded September 4, 1985, in the Clerk's Office, Circuit Court, Chesterfield, Virginia, in Plat Book 50, page 67, reference to which is hereby made for a more particular description of said lot.
>
> BEING the same property conveyed to Kristofer F. Northrup and Pamela L. Northrup, by deed from Kenneth W. Ragland and Debra P. Ragland, dated May 20, 1999, recorded June 11, 1999, in the Clerk's Office, Circuit Court, Chesterfield County, Virginia, in Deed Book 3594, page 863.

12. The Defendants are the original holder of, and/or assignee of, a promissory note executed by Plaintiff Jason White secured by a Deed of Trust and recorded as Instrument Number 001629.

13. At the time of the Bankruptcy, the principal residence was worth no more than $165,000.00 (see Exhibit "A") and was subject to a first Deed of Trust with a balance of $169,669.36 and an arrearage of $6,169.43 (see Exhibit "B") recorded in Book 7911 at Page 0082.

14. No security exists for any Deed of Trust other than the first. All liens other than the first deed of trust are not "secured only by a security interest in real property that is the debtor's principal residence." Therefore, the Plaintiff is not barred from modifying their rights under 11 U.S.C. 1322(b)(2).

15. Pursuant to 11 U.S.C. Section 506(a), the Defendants have no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate.

16. Any timely filed claim of the Defendants for the second mortgage loan is allowable only as an unsecured claim.

**WHEREFORE**, the Plaintiff respectfully requests of the Court as follows:

A. That this Court determine that the Defendants have no secured interest for the loan secured by the second deed of trust on the residential real estate of the Debtor;

---

Mitchell P. Goldstein, Esq., VSB 40613
mitch@mitchellpgoldstein.com
Goldstein Law Group
9962 Brook Road, #647
Glen Allen, VA  23059
(804) 592-1674

- 3 -

B.   That this Court order the Defendants to cancel the second mortgage lien on the residential real estate of the debtor pursuant to 11 U.S.C. § 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Debtor/Plaintiff within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

C.   That this Court direct the Trustee that any timely filed proof of claim of the Defendants for the second mortgage lien be treated as an unsecured claim under the plan;

D.   That the attorney for the Plaintiff be awarded reasonable legal fees;

E.   That the Plaintiff have such other and further relief as to the Court may seem just and proper.

Respectfully Submitted,

**JASON T. WHITE**

BY COUNSEL:   /s/ Mitchell P. Goldstein, Esq.
Mitchell P. Goldstein, Esq., VSB 40613
mitch@mitchellpgoldstein.com
Goldstein Law Group
9962 Brook Road, #647
Glen Allen, VA  23059
(804) 592-1674

---

Mitchell P. Goldstein, Esq., VSB 40613
mitch@mitchellpgoldstein.com
Goldstein Law Group
9962 Brook Road, #647
Glen Allen, VA  23059
(804) 592-1674

**Kay Matheny, CRS**
Broker

**MATHENY REALTORS**
12506 Walton Lake Dr.
Midlothian, VA 23113



---

Jason T. and Rachel M. White

809 Vickilee Ct.

Richmond, VA 23236

Jan. 4, 2011

Dear Jason and Rachel,

In response for your request for a market analysis on your property, I looked at the properties in your neighborhood which have sold within the previous 6 months and which are most similar to your property.

Two properties ( 910 Darylann Ct. and 803 Clivedon Ct) sold for an average price per sq. ft. of $103.86. The most relevant property is 803 Clivedon property because it is is a 2-story home of approximately 1248 50 sq. feet. With 1.5 baths. That property sold for $135,000.

Your property is listed in the tax record as having 1490 sq. feet and 2 full baths. When adjustments are made to the sale price of that property for the additional square footage , full bath, and other improvements, the market value of your property would be between $160,000-165,000 in today's market.

If you have any questions please let me know.

*[signature]*

Kay Matheny, CRS

BROKER

MATHENY REALTORS

Midlothian, VA 23114

Licensed in The Commonwealth of Virginia

---

 OFFICE: 794-9588                    FAX: 794-2349          

B10 (Official Form 10) (04/10)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION

**PROOF OF CLAIM**

| | |
|---|---|
| Name of Debtor: Jason T. White | Case Number: 11-30041-DOT |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Wells Fargo Bank, NA as servicer for HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA6

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
 (*If known*)

Filed on:

Name and address where notices should be sent:
Wells Fargo Home Mortgage, Inc.
1 Home Campus
MAC #X2302-04C
Des Moines, IA 50328

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 169,669.36 principal balance
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Secured Real Estate Loan
 (See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** xxxxxx0345
 **3a. Debtor may have scheduled account as:** _____
 (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
 Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

 **Nature of property or right of setoff:** ☒ Real Estate  ☐ Motor Vehicle  ☐ Other: _____
  **Describe:** 809 Vickilee Court
    Richmond, VA 23236
  **Value of Property:** $_____  **Annual Interest Rate:** See Attachment

 **Amount of arrearage and other charges as of time case filed included in secured claim, if any**: $ 6,160.43  **Basis for perfection:** Deed of Trust dated July 18, 2007

 **Amount of Secured Claim**: $169,669.36 principal balance  **Amount Unsecured** $____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**
$_____
*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

*6.* **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
*7.* **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.
 (*See instruction 7 and definition of "redacted" on reverse side.*)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

| Date: 01/25/11 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>**/s/ Eric David White, Esquire**<br>**Attorney and Agent for Wells Fargo Bank, NA as servicer for HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA6** | **FOR COURT USE ONLY** |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Case 11-30046-DOT   Doc 14 Filed 03/25/11 Entered 03/31 10:13:44   Desc Main
Document      Page 9 of 9

Case 11-30041-DOT   Claim 4 Filed 03/25/11   Desc Main Document   Page 2 of 17

Jason T. White
Our File #: 93-000709-11
Case No. 11-30041-DOT

| | |
|---|---|
| 4 monthly payments (10/01/10-01/01/11) @ $1,462.06/month | $5,848.24 |
| Accrued Late Charges | 229.48 |
| Property Inspection Fees | 75.00 |
| Escrow Shortage | <u>7.71</u> |
| Total | $6,160.43 |

> **NOTICE AND DISCLOSURE:** *ATTORNEY'S FEES AND COSTS IN THE AMOUNT OF $300.00 HAVE BEEN INCURRED FOR FILING THIS PROOF OF CLAIM, THE NOTICE OF APPEARANCE, REVIEW OF THE CHAPTER 13 PLAN AND MONITORING OF THIS LOAN THROUGHOUT THE BANKRUPTCY. THE TRUSTEE SHALL ONLY BE RESPONSIBLE FOR PAYING SUCH AMOUNTS WHICH HAVE BEEN SET FORTH ABOVE AND INCLUDED IN THE ARREARS CALCULATION.*
>
> **Additional attorney's fees and other costs may be incurred for the filing of a Motion for Relief from Stay in the event of a post-petition default, for Objections to Confirmation of the Plan or Notices of Default. Any such fees incurred shall be disclosed simultaneously with the filing of such pleadings and may be collected from the Debtor in the event of a future default pursuant to the terms of the security instrument, issues arising under 1322 (b)(2) of the Bankruptcy Code, 506(b) of the Bankruptcy Code (if applicable), and other applicable laws. Absent court order, an allowed proof of claim or allowed amended proof of claim filed by the creditor pursuant to an agreement between counsel for the debtor and creditor, the fees and costs described in this notice and disclosure shall not be paid through the plan by the Chapter 13 Trustee.**

Case 11-30046-DOT   Doc 14 Filed 03/25/11 Entered 03/31 10:13:44   Desc Main
Document      Page 9 of 9

Case 11-30041-DOT   Claim 4 Filed 03/25/11   Desc Main Document   Page 2 of 17

Jason T. White